Matter of Attorneys in Violation of Judiciary Law § 468-a (Cardone) (2025 NY Slip Op 04518)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Cardone)

2025 NY Slip Op 04518

Decided on July 31, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 31, 2025

PM-166-25
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Jessica Lee Cardone, Respondent. (Attorney Registration No. 4607487.)

Calendar Date:June 30, 2025 

Before:Clark, J.P., Reynolds Fitzgerald, Fisher, Powers and Mackey, JJ., concur. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Foley Griffin, LLP, Garden City (Kelly Guthy of counsel), for respondent.

Motion by respondent for an order reinstating her to the practice of law following her suspension by May 2019 order of this Court (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1714 [3d Dept 2019]; see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16).
Upon reading respondent's notice of motion and affidavit with exhibits sworn to May 21, 2025; her supplemental affidavit sworn to June 27, 2025; and the June 23, 2025 responsive correspondence from the Attorney Grievance Committee for the Third Judicial Department, and having determined, by clear and convincing evidence, that (1) respondent has complied with the order of suspension and the rules of this Court,[FN1] (2) respondent has the requisite character and fitness to practice law, and (3) it would be in the public interest to reinstate respondent to the practice of law (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]), we grant her application. Notwithstanding her satisfaction of the substantive requirements for reinstatement, we direct respondent to (1) demonstrate her completion of 2½ continuing legal education credits in the areas of Skills and/or Law Practice Management (see Rules of App Div, All Depts [22 NYCRR] § 1500.2 [d], [e]) that specifically relate to the practice of law in New York (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [5] [i]); and (2) provide proof of her compliance with this condition to both this Court and the Attorney Grievance Committee for the Third Judicial Department within 60 days of this Court's order. Accordingly, it is
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effective immediately, subject to the conditions set forth in this decision.
Clark, J.P., Reynolds Fitzgerald, Fisher, Powers and Mackey, JJ., concur.

Footnotes

Footnote 1: While the record overall demonstrates that respondent has been compliant with our Rules and the order of suspension, we note that her affidavit of compliance is not in the correct form (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15 [f]; Rules for Atty Disciplinary Matters [22 NYCRR] part 1240, appendix B). To this end, we remind counsel that the instructions accompanying appendix B specifically instruct the applicant to "not omit any passages" in drafting his or her own affidavit of compliance, but rather explicitly direct the applicant to provide any alternative facts and circumstances "relevant as to why the respondent is unable to swear to the statement" form (see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [Stairs], 235 AD3d 1085, 1085 n 1 [3d Dept 2025]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Cisse], 235 AD3d 1082, 1083 n 1 [3d Dept 2025]). Accordingly, respondent's affidavit of compliance — which includes "line outs" of the relevant paragraphs and refers to a separate affidavit containing respondent's attestations — is extraneous and in contravention of the instructions accompanying appendix B.